Jennifer Fiorino et al., Appellants-Respondents, v North Shore University Hospital at Glen Cove et al., Respondents-Appellants, and John Biordi Ob-Gyn, P.C., et al., Respondents. [912 NYS2d 270]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated October 23, 2009, as denied their cross motion for summary judgment on the issue of liability against the defendants Winthrop University Hospital, John Biordi Ob-Gyn, P.C., John Biordi, and Joanna Paolilli, and granted that branch of the cross motion of the defendants John Biordi Ob-Gyn, P.C., John Biordi, and Joanna Paolilli, which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Winthrop University Hospital cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants North Shore University Hospital at Glen Cove and Paul Kalish cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendants John Biordi Ob-Gyn, P.C., John Biordi, and Joanna Paolilli which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs allege that in April 2005, the defendant Dr. Paul Kalish, who practiced medicine at the defendant North Shore University Hospital at Glen Cove (hereinafter North Shore Hospital), made an incorrect diagnosis of atypical endometrial hyperplasia, a precancerous condition for which Kalish recommended that the plaintiff Jennifer Fiorino (hereinafter the injured plaintiff) undergo a hysterectomy. On May 20,

2005, the injured plaintiff consulted with the defendant Dr. John Biordi, who is in private practice and has privileges at both North Shore Hospital and the defendant Winthrop University Hospital (hereinafter Winthrop Hospital). Biordi, relying on Kalish's diagnosis, also recommended that the injured plaintiff undergo a hysterectomy. The injured plaintiff agreed to undergo the surgery. On August 15, 2005, at Winthrop Hospital, the defendant Dr. Joanna Paolilli, an associate at Biordi's private practice who also had privileges at both Winthrop Hospital and North Shore Hospital, performed a total abdominal hysterectomy on the injured plaintiff. During the surgery, tissue removed from the injured plaintiff's uterus was tested and revealed that the injured plaintiff had complex hyperplasia without atypia, a nonprecancerous condition.

The injured plaintiff, with her husband suing derivatively, thereafter commenced this action to recover damages for medical malpractice against North Shore Hospital and Kalish (hereinafter together the North Shore defendants), Winthrop Hospital, and Biordi, Paolilli, and John Biordi Ob-Gyn, P.C. (hereinafter collectively the Biordi defendants). The complaint asserts two theories of liability: that the defendants departed from good and accepted medical practice by (1) misdiagnosing the injured plaintiff with atypical endometrial hyperplasia, and/or (2) failing to comply with the Winthrop Hospital protocol that requires review of pathology slides prepared outside Winthrop Hospital prior to surgery, and that as a result of such negligence, the injured plaintiff sustained injuries, including undergoing the total abdominal hysterectomy procedure. The plaintiffs filed a note of issue and certificate of readiness on March 17, 2009. The certification order required all motions for summary judgment to be filed within 60 days thereafter, i.e., by May 16, 2009.

The Supreme Court properly denied the motion for summary judgment by Winthrop Hospital. Winthrop Hospital failed to establish, prima facie, that it did not depart from good and accepted medical practice by failing to enforce and/or comply with its own policy, entitled "Review of Outside Pathology Cases: Patients Being Admitted to Winthrop University Hospital for Further Surgery," which requires, in pertinent part, that "[a]ll patients undergoing further/definitive surgery at Winthrop [Hospital] based on an outside pathologic diagnosis must have their slides reviewed by the Department of Pathology at Winthrop [Hospital] before that surgery takes place" (see *Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Fiorentino v Wenger*, 19 NY2d 407, 414 [1967]; *Juseinoski v New York Hosp. Med.*

*Ctr. of Queens*, 18 AD3d 713, 715 [2005]; *see also Haber v Cross County Hosp.*, 37 NY2d 888 [1975]). Since Winthrop Hospital failed to meet its initial burden on its motion for summary judgment, it is not necessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Levin v Khan*, 73 AD3d 991 [2010]).

The Supreme Court improperly granted that branch of the cross motion of the Biordi defendants which was for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court also improperly considered the merits of the cross motion by the plaintiffs for summary judgment on the issue of liability against Winthrop Hospital and the Biordi defendants and the merits of that branch of the cross motion of the North Shore defendants which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. It is undisputed that all of those cross motions were untimely, as they were submitted beyond the court-ordered time limit of May 16, 2009, and none of the parties offered any good cause for their delay in making their respective cross motions (*see* CPLR 3212 [a]; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]; *DiBenedetto v Lowe's Home Ctrs., Inc.*, 43 AD3d 853 [2007]; *cf. Ianello v O'Connor*, 58 AD3d 684 [2009]). Florio, J.P., Dickerson, Belen and Austin, JJ., concur.