■ MAURICE WILLIAMS, Respondent, v MONA L. WRIGHT et al., Respondents, and WAYNE E. DENIS et al., Appellants, et al., Defendants. [990 NYS2d 60]—

In an action to recover damages for personal injuries, the defendants Wayne E. Denis and Long Island Power Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), dated March 7, 2013, as granted the plaintiff's motion for summary judgment on the issue of liability against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied as untimely.

The plaintiff was a passenger on a bus that was stopped at a designated bus stop. A vehicle owned by the defendant Long Island Power Authority and operated by its employee, the defendant Wayne E. Denis (hereinafter together the LIPA defendants), moved to the left of the bus and entered the right travel lane in order to pass the bus. As it did so, a utility door on the right side of the LIPA defendants' truck swung open, striking the left rear tail light cover of the bus. The impact allegedly caused injuries to the plaintiff.

The plaintiff commenced this action against the defendants Mona L. Wright, MTA Bus Company, MTA Long Island Bus, and the Metropolitan Suburban Bus Company (hereinafter collectively the MTA defendants), as owners and operator of the bus, and against the LIPA defendants. The MTA defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and for dismissal of a cross claim asserted against them by the LIPA defendants. The LIPA defendants opposed the motion. Ten months after the filing of a note of issue, the plaintiff moved for summary judgment on the issue of liability against the LIPA defendants. In opposition, the LIPA defendants argued, inter alia, that the plaintiff's motion was untimely. The Supreme Court, inter alia, granted the plaintiff's motion.

The plaintiff's motion for summary judgment on the issue of liability was made more than 90 days after the filing of the note of issue, in violation of the terms of a certification order requiring motions for summary judgment to be filed within 90 days of the filing of a note of issue (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]; *Fiorino v North Shore Univ. Hosp. at Glen Cove*, 78 AD3d 1116 [2010]). Although an untimely motion or cross motion for summary judgment may be considered by the court, in the exercise of its discretion, where a timely motion for summary judgment was made on nearly identical grounds (*see Giambona v Hines*, 104 AD3d 807 [2013];

*Joyner-Pack v Sykes*, 54 AD3d 727 [2008]; *Grande v Peteroy*, 39 AD3d 590, 591 [2007]; *Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540, 542 [2002]), that rule did not apply here. The reason why an untimely motion for summary judgment may be considered if another party made a motion on nearly identical grounds is that, pursuant to CPLR 3212 (b), the court has the authority, on a motion for summary judgment, to search the record and award relief to a nonmoving party (*see Grande v Peteroy*, 39 AD3d at 592). In the instant case, the MTA defendants, the original movants, established as a matter of law that they were not at fault in the happening of the accident. However, the fact that the MTA defendants were not at fault in the happening of the accident did not mean that the LIPA defendants were at fault and, therefore, that the plaintiff was entitled to summary judgment against the LIPA defendants. Accordingly, the plaintiff's motion for summary judgment on the issue of liability against the LIPA defendants should have been denied as untimely.

The parties' remaining contentions are without merit, or need not be addressed in light of our determination. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.