■ STEVEN TRUCKENMILLER et al., Respondents, v JOSE M. DURAN et al., Appellants. [3 NYS3d 367]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated April 5, 2013, as granted the plaintiffs' motion for summary judgment on the issue of liability, and (2) from an order of the same court dated October 18, 2013, which denied their motion for leave to renew and reargue their opposition to the plaintiffs' motion for summary judgment.

Ordered that the appeal from so much of the order dated October 18, 2013, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated October 18, 2013, as denied that branch of the defendants' motion which was for leave to renew is dismissed as academic in light of our determination of the appeal from the order dated April 5, 2013; and it is further,

Ordered that the order dated April 5, 2013, is reversed insofar as appealed from, on the law, and the plaintiffs' motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Steven Truckenmiller (hereinafter the plaintiff driver), and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained in a motor vehicle accident which occurred at or near a merger of two roadways leading to the Brooklyn Queens Expressway in Brooklyn. The plaintiffs moved for summary judgment on the issue of liability, contending that the defendant Jose M. Duran was negligent in allowing his vehicle to cross over into the lane in which the plaintiff driver was traveling, when it was unsafe to do so. The Supreme Court, among other things, granted the plaintiffs' motion.

"A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (Vehicle and Traffic Law § 1128 [a]; see Gluck v New York City Tr. Auth., 118 AD3d 667, 668-669 [2014]). "A violation of the Vehicle and Traffic Law constitutes

negligence as a matter of law" (*Vainer v DiSalvo*, 79 AD3d 1023, 1024 [2010]; *see Gluck v New York City Tr. Auth.*, 118 AD3d at 669). However, since there can be more than one proximate cause of an accident, the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law (*see Regans v Baratta*, 106 AD3d 893, 894 [2013]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

Here, the conflicting evidence submitted by the plaintiffs in support of their motion for summary judgment failed to establish their prima facie entitlement to judgment as a matter of law. The plaintiffs submitted evidence, including the transcript of the plaintiff driver's deposition testimony and his affidavit, which indicated that the accident occurred when Duran attempted to merge into the lane in which the plaintiff driver was traveling, when it was unsafe to do so. The plaintiffs also submitted the transcript of the deposition testimony and affidavit of Duran, which indicated that Duran had already safely merged into the lane which led to the entrance of the Brooklyn Queens Expressway when the vehicle operated by the plaintiff driver struck the back of his vehicle. Accordingly, the evidence submitted by the plaintiffs in support of their motion failed to eliminate all triable issues of fact (*see* Vehicle and Traffic Law § 1128 [a]; *Fogel v Rizzo*, 91 AD3d 706, 707 [2012]; *Pollack v Margolin*, 84 AD3d at 1342). Since the plaintiffs failed to establish, prima facie, their entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.