In an action to recover damages for personal injuries, the defendants Crown Petroleum Transportation, LLC, and Rubian Kumar appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated April 29, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
 

 Ordered that the order is reversed, on the law, with one bill of costs, and the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.
 

 On September 9, 2010, Ruth Ferreira was driving her vehicle northbound on Francis Lewis Boulevard near 47th Avenue in Queens. Ferreira moved from the left northbound lane into the right northbound lane in front of a tractor-trailer, after which she lost control of her vehicle and drove into a gas station adjacent to the right northbound lane, and crashed into a gas pump, allegedly injuring the plaintiff. The plaintiff commenced this action against Crown Petroleum Transportation, LLC (hereinafter Crown), and Rubian Kumar, as owner and operator of the tractor-trailer, respectively, and Ferreira.
 

 After discovery, Crown and Kumar (hereinafter together the appellants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, asserting that Ferreira was negligent as a matter of law and that her negligence was the sole proximate cause of the accident. In his deposition testimony, submitted in support of the motion, Kumar stated that he first saw Ferreira’s vehicle when it was 10 to 15 feet in front of his tractor-trailer. Kumar applied his brakes hard, but his tractor-trailer did not come to an immediate stop and continued into the intersection. In his affidavit in support of the motion, Kumar averred that there was no contact between the tractor-trailer and Ferreira’s vehicle; nevertheless, Ferreira lost control of her vehicle and crashed into a gas pump at the gas station.
 

 The appellants also submitted an affidavit executed by Fer-reira, in which she stated that she was driving northbound in the left lane of travel on Francis Lewis Boulevard when she attempted to make a right turn in front of a slow-moving tractor-trailer in the right lane. In Ferreira’s deposition testimony, submitted by the appellants, she testified that traffic was light, and initially no vehicles were in front of her. However, when she was approximately three car lengths away from the intersection with 47th Avenue, she observed the tractor-trailer in the right northbound lane, traveling alongside her vehicle. In order to reach the gas station adjacent to the right northbound lane, she activated her right-turn signal, accelerated, and merged into the right lane. However, the tractor-trailer struck the rear passenger side of her vehicle while her vehicle was still accelerating. As a result of the impact, she lost control of her vehicle and hit a gas pump at the gas station. Ferreira testified that her vehicle was totally destroyed by the impact between the front of her vehicle and the gas pump. There was also a “little bump” at the rear passenger side from the impact with the tractor-trailer. She stated that she thought it was safe to make the right turn because the tractor-trailer was moving slowly—only approximately 10 miles per hour or less—and “I had the room to do it.”
 

 The Supreme Court denied the appellants’ motion.
 

 Ferreira’s testimony indicated that she violated Vehicle and Traffic Law § 1128 (a), which states that “[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.” Therefore, she was negligent as a matter of law (see Davis v Turner, 132 AD3d 603 [2015]; Burghardt v Cmaylo, 40 AD3d 568 [2007]). The appellants further established that Kumar was not negligent, since he took prompt evasive action by applying his brakes hard.
 

 Thus, by demonstrating that Ferreira was negligent and that her negligence was the sole proximate cause of the accident, the appellants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff and Ferreira failed to raise a triable issue of fact. Accordingly, the appellants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.