Merola v Beaird (2020 NY Slip Op 03776)





Merola v Beaird


2020 NY Slip Op 03776


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-08274
 (Index No. 151504/17)

[*1]Stephanie Merola, respondent, 
v
Gina Beaird, et al., appellants.


Nicole Lesperance (James G. Bilello & Associates, Hicksville, NY [Yamile R. Al-Sullami], of counsel), for appellants.
Louis Grandelli, P.C., New York, NY (Leigh D. Eskenasi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated May 30, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On November 1, 2016, the plaintiff's vehicle collided with a vehicle owned by the defendant Gina Beaird and operated by the defendant Giancarlos Tello (hereinafter the defendant driver) on Richmond Avenue near its intersection with Richmond Hill Road in Staten Island. The defendants' vehicle was traveling in the rightmost lane of Richmond Avenue, and the accident occurred as the plaintiff's vehicle, which had been traveling in the lane to the left of the rightmost lane, attempted to merge into the rightmost lane with its right turn signal engaged. According to the plaintiff, she was attempting to make way for an ambulance, which was traveling behind her in the lane to the left of the rightmost lane, with its siren and lights activated, and she did not see the defendants' vehicle prior to the impact. The defendant driver, who was traveling in the rightmost lane, did not see an ambulance or hear its siren, and he did not see the plaintiff's vehicle prior to the impact. The plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's violation of Vehicle and Traffic Law § 1128(a) was the sole proximate cause of the accident. The Supreme Court denied the motion. The defendants appeal.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427). "A driver is negligent if he or she violates Vehicle and Traffic Law § 1128(a) by, inter alia, failing to drive as nearly as practicable entirely within a single lane'" (Kaur v Demata, 123 AD3d 772, 773, quoting Vehicle and Traffic Law § 1128[a]; see Pipinias v Ferreira, 155 AD3d 1073, 1074). A driver is also negligent if he or she fails to see what there is to be seen (see Peluso v Martinez, 136 AD3d 769, 770; Canales v Arichabala, 123 AD3d 869, 870). Here, in support of their motion, the defendants submitted, among other things, the transcripts of the deposition testimony of the plaintiff and of the defendant driver which failed to establish, prima facie, that the defendant driver was not at fault in the happening of the accident (see Bermejo v Khaydarov, 155 AD3d 597, 598; Fogel v Rizzo, 91 AD3d 706, 707). Since the defendants failed to meet their initial burden as [*2]the movants, we need not consider the sufficiency of the plaintiff's opposition papers.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court