Vargas v Town of Huntington (2022 NY Slip Op 04187)

Vargas v Town of Huntington

2022 NY Slip Op 04187

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2019-14692
 (Index No. 612365/15)

[*1]Maritza Vargas, plaintiff, 
v
Town of Huntington, et al., defendants third-party plaintiffs-appellants; Frank J. Neri, Jr., et al., third-party defendants-respondents.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for defendants third-party plaintiffs-appellants.
Kritzer Law Group, Smithtown, NY (David S. Kritzer and Donna K. Prox of counsel), for third-party defendants-respondents Frank J. Neri, Jr., and United Parcel Service.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for third-party defendants-respondents Susan Apostolopoulos and BTT D. Apostolopoulos.

DECISION & ORDER
In an action to recover damages for personal injuries, and a third-party action for common-law indemnification or contribution, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated December 5, 2019. The order, insofar as appealed from, granted the motion of the third-party defendants Frank J. Neri, Jr., and United Parcel Service and that branch of the cross motion of the third-party defendants Susan Apostolopoulos and BTT D. Apostolopoulos which were for summary judgment dismissing the third-party complaint insofar as asserted against each of them, and denied the cross motion of the defendants third-party plaintiffs for leave to amend their answer.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the third-party defendants Frank J. Neri, Jr., and United Parcel Service and that branch of the cross motion of the third-party defendants Susan Apostolopoulos and BTT D. Apostolopoulos which were for summary judgment dismissing the third-party complaint insofar as asserted against each of them are denied, and the cross motion of the defendants third-party plaintiffs for leave to amend their answer is granted.
In April 2015, a vehicle owned by the Town of Huntington and operated by Edgardo E. Marcucci (hereinafter the Marcucci vehicle) was traveling southbound on Broadway in the Town of Huntington behind a vehicle owned by BTT D. Apostolopoulos and operated by Susan Apostolopoulos (hereinafter the Apostolopoulos vehicle). The Apostolopoulos vehicle was traveling southbound behind a vehicle owned by the United Parcel Service (hereinafter UPS) and operated by Frank J. Neri, Jr. (hereinafter the UPS vehicle). The UPS vehicle allegedly pulled over to the right, the Apostolopoulos vehicle allegedly struck the UPS vehicle, and the Marcucci vehicle allegedly struck the Apostolopoulos vehicle and then veered into the northbound lane of traffic, striking a [*2]vehicle operated by the plaintiff.
The plaintiff commenced this personal injury action against the Town and Marcucci. The Town and Marcucci commenced a third-party action against Neri, UPS, Susan Apostolopoulos, and BTT D. Apostolopoulos for common-law indemnification or contribution.
In the order appealed from, the Supreme Court, inter alia, granted the motion of Neri and UPS and that branch of the cross motion of Susan Apostolopoulos and BTT D. Apostolopoulos which were for summary judgment dismissing the third-party complaint insofar as asserted against each of them, and denied the cross motion of the Town and Marcucci for leave to amend their answer to add the affirmative defense of the emergency doctrine. The Town and Marcucci appeal.
On a motion for summary judgment, the facts must be viewed in the light most favorable to the nonmoving party (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833). Moreover, as there can be more than one proximate cause of an accident, if a defendant fails to show as a matter of law that they were not at fault, then summary judgment should be denied (see Merola v Beaird, 185 AD3d 679; Truckenmiller v Duran, 125 AD3d 639).
Here, the third-party defendants failed to make a prima facie showing that they were not at fault in the happening of the collision between the Marcucci vehicle and the plaintiff's vehicle. The third-party defendants submitted deposition testimony indicating that Marcucci may have been traveling too fast and following the Apostolopoulos vehicle too closely. However, additional testimony indicated that Neri may have stopped the UPS vehicle unexpectedly without properly signaling, partially blocking the roadway (see Vehicle and Traffic Law § 1163), and that the Apostolopoulos vehicle may have been following the UPS vehicle too closely (see id. § 1129[a]; Catanzaro v Edery, 172 AD3d 995). Furthermore, differing accounts regarding the sequence of impacts in this multiple-vehicle collision raised triable issues of fact as to causation (see Sooklall v Morisseav-Lafague, 185 AD3d 1079).
As there are conflicting versions of how the accident occurred, supporting different conclusions regarding fault, the third-party defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third-party complaint insofar as asserted against each of them (see Cruz v Valentine Packaging Corp., 167 AD3d 707). Accordingly, the Supreme Court should have denied the motion of Neri and UPS and that branch of the cross motion of Susan Apostolopoulos and BTT D. Apostolopoulos which were for summary judgment dismissing the third-party complaint insofar as asserted against each of them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Leave to amend a pleading "shall be freely given" (CPLR 3025[b]). Leave should be granted, in the absence of prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (see Jin Liang Lin v Gee, 200 AD3d 666). When a driver contributes to the creation of the emergency situation, the emergency doctrine is not applicable (see Pearson v Northstar Limousine, Inc., 123 AD3d 991). However, except in the most egregious circumstances, it is normally left to the trier of fact to determine if the situation rises to the level of an emergency (see Freder v Costello Indus., Inc., 162 AD3d 984). Where, as here, deposition testimony raises questions as to the applicability of the emergency doctrine (see id.), and the third-party defendants failed to demonstrate that they would be prejudiced by the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411), the Supreme Court should have granted the cross motion of the Town and Marcucci for leave to amend their answer to add the affirmative defense of the emergency doctrine (see Rivera v New York City Tr. Auth., 77 NY2d 322, 327).
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court