Singh v Hana Express Cab Corp. (2023 NY Slip Op 02695)

Singh v Hana Express Cab Corp.

2023 NY Slip Op 02695

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-02750
 (Index No. 516291/19)

[*1]Rohan Singh, appellant, 
v
Hana Express Cab Corp., et al., respondents.

Vaccaro & White, New York, NY (Peter W. Beadle of counsel), for appellant.
Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents Hana Express Cab Corp. and Moussa Cisse.
Svetlana Scoll, Brooklyn, NY (Jacob Marks of counsel), for respondent Alexander Guilder.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County, (Carl J. Landicino, J.), dated March 4, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured while riding his bicycle when he came into contact with the rear passenger side door of a yellow taxicab operated by the defendant Moussa Cisse and owned by the defendant Hana Express Cab Corp. At the time of the accident, the plaintiff was traveling eastbound on West 24th Street in Manhattan. At the accident location, West 24th Street is a one-way eastbound road, with one lane for moving traffic and parking lanes on each side. While the taxicab was stopped, in line with several vehicles, at a red light, the defendant Alexander Guilder, a passenger in the taxicab, opened the rear passenger side door to exit the vehicle. The plaintiff, who was approaching from behind, collided with the door and fell from the bicycle. The plaintiff commenced this action against the defendants to recover damages for personal injuries. Thereafter, the plaintiff moved for summary judgment on the issue of liability. In an order dated March 4, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendants breached a duty owed to the plaintiff and that the defendants' negligence was a proximate cause of the alleged injuries" (Montalvo v Cedeno, 170 AD3d 1166, 1167; see Flores v Rubenstein, 175 AD3d 1490). A court deciding a motion for summary judgment must view the evidence in the light most favorable to the nonmoving party (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833; Tucubal v National Express Tr. Corp., 209 AD3d 788, 789; Vargas v Town of Huntington, 206 AD3d 1034, 1035).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a [*2]matter of law. In support of his motion, the plaintiff submitted, inter alia, the transcripts of his deposition testimony and that of Guilder. Inasmuch as the plaintiff's and Guilder's deposition testimony failed to eliminate triable issues of fact as to whether the defendants were negligent and, if so, whether any such negligence caused or contributed to the accident (see Maher v Vargas-Bonilla, 191 AD3d 867, 868; Poon v Nisanov, 162 AD3d 804, 807-808), the plaintiff failed to meet his initial burden as the movant. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court