Quintero v Boyle (2023 NY Slip Op 06068)

Quintero v Boyle

2023 NY Slip Op 06068

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2022-09171
 (Index No. 713590/20)

[*1]Celimn Quintero, respondent, 
v
Terrence P. Boyle, appellant, et al., defendant.

Karen L. Lawrence, Garden City, NY (Sweetbaum & Sweetbaum [Joel A. Sweetbaum], of counsel), for appellant.
Law Offices of Altagracia Nunez, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Terrence P. Boyle appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered October 18, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Terrence P. Boyle.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Terrence P. Boyle is denied.
On May 26, 2019, the plaintiff was a passenger in a vehicle owned by himself and operated by the defendant Jennifer Mireya Vega (hereinafter the plaintiff's vehicle) when it collided with a vehicle operated by the defendant Terrence P. Boyle. The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of this incident. The plaintiff moved for summary judgment on the issue of liability. In an order entered October 18, 2022, the Supreme Court granted the plaintiff's motion. Boyle appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Lindo v Katz, 205 AD3d 1016, 1016-1017; Sapienza v Harrison, 191 AD3d 1028, 1029). "If the plaintiff fails to demonstrate, prima facie, that the operator of the offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Guido v Dagnese, 214 AD3d 715, 717; Wise v Boyd Bros. Transp. Inc., 194 AD3d 1097, 1098).
Here, in support of his motion, the plaintiff submitted the deposition testimony of the parties, and the account of the incident presented by Boyle differed from the accounts of the incident presented by the plaintiff and Vega. According to Boyle, he was passing the stopped plaintiff's vehicle when the plaintiff's vehicle suddenly moved to the left, causing the collision. Viewing the evidence in the light most favorable to Boyle (see Vega v Restani Constr. Corp., 18 NY3d 499, 503), [*2]the plaintiff failed to demonstrate, prima facie, that Boyle was negligent in the happening of the incident (see Guido v Dagnese, 214 AD3d at 717; Wise v Boyd Bros. Transp., Inc., 194 AD3d at 1097-1098; Phillip v D & D Carting Co., Inc., 136 AD3d at 24; Anjum v Bailey, 123 AD3d 852, 853).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Boyle, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court