Lewinski v City of New York (2024 NY Slip Op 03686)

Lewinski v City of New York

2024 NY Slip Op 03686

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-06193
 (Index No. 526733/19)

[*1]Amanda Lewinski, plaintiff-respondent, 
v
City of New York, et al., appellants, Alfred Adams, defendant-respondent.

Smith Mazure, P.C., New York, NY (Joel M. Simon of counsel), for appellants.
White & McSpedon, P.C., New York, NY (Irwen C. Abrams of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York, New York City Department of Education, Rainbow Transit, Inc., and James Paul appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 25, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants City of New York, New York City Department of Education, Rainbow Transit, Inc., and James Paul and denied that branch of those defendants' cross-motion which was for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants City of New York, New York City Department of Education, Rainbow Transit, Inc., and James Paul, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendants, City of New York, New York City Department of Education, Rainbow Transit, Inc., James Paul (hereinafter collectively the City defendants), and Alfred Adams to recover damages for personal injuries she allegedly sustained in October 2018 when she was a passenger on a school bus owned and operated by the City defendants that collided with a vehicle operated by Adams. The plaintiff moved for summary judgment on the issue of liability and, in effect, for summary judgment determining that she was not at fault in the happening of the accident. The City defendants cross-moved pursuant to CPLR 2004 to extend their time to move for summary judgment and for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them. By order dated May 25, 2023, the Supreme Court granted the plaintiffs' motion, granted that branch of the City defendants' cross-motion which was to extend their time to move for summary judgment, and denied that branch of the City defendants' cross-motion which was for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them. The City defendants appeal from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment [*2]on the issue of liability against the City defendants and denied that branch of the City defendants' cross-motion which was for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Bhattarai v Louie, 222 AD3d 611, 612 [internal quotation marks omitted]). "A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability" (Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d 1286, 1288 [internal quotation marks omitted]). However, "[i]f the plaintiff fails to demonstrate, prima facie, that the operator of the [allegedly] offending vehicle was at fault, or if triable issues of fact are raised by the defendants in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger" (Quintero v Boyle, 221 AD3d 925, 926 [internal quotation marks omitted]; see Wise v Boyd Bros. Transp., Inc., 194 AD3d 1096, 1098). Here, the plaintiff failed to demonstrate, prima facie, that Paul, the driver of the school bus, was negligent in the happening of the accident (see Quintero v Boyle, 221 AD3d at 926; Singh v Hana Express Cab Corp., 216 AD3d 1026, 1027-1028). As a result, the burden never shifted to City defendants to submit evidence sufficient to raise a triable issue of fact (see Guido v Dagnese, 214 AD3d 715, 717).
Contrary to Adams's contention, the Supreme Court properly granted that branch of the City defendants' cross-motion which was pursuant to CPLR 2004 to extend their time to move for summary judgment. "Upon a showing of good cause, the Supreme Court is authorized to extend a court-ordered deadline for making a summary judgment motion" (Ianello v O'Connor, 58 AD3d 684, 685, citing CPLR 2004; see CPLR 3212[a]). "An untimely motion or cross motion for summary judgment may be considered by the court where . . . a timely motion for summary judgment was made on nearly identical grounds" (Munoz v Salcedo, 170 AD3d 735, 736 [alterations and internal quotation marks omitted]). "In such circumstances, the issues raised by the untimely cross motion are already properly before the motion court and, thus, the nearly identical nature of the grounds may provide the requisite good cause to review the merits of the untimely cross motion" (Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co., 84 AD3d 737, 738-739 [citation omitted). Since the plaintiff sought summary judgment not only on the issue of whether she was at fault in the happening of the accident (see Williams v Wright, 119 AD3d 670, 671-672), but also on the issue of liability against the City defendants, the court providently exercised its discretion in considering the merits of that branch of the City defendants' cross-motion which was for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them (see Whitehead v City of New York, 79 AD3d 858, 859-860; Ianello v O'Connor, 58 AD3d at 686).
However, the Supreme Court properly denied that branch of the City defendants' cross-motion which was for summary judgment dismissing the complaint and, in effect, all cross-claims insofar as asserted against them. "A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law. Vehicle and Traffic Law § 1128(a) provides that '[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety'" (Elfe v Roman, 219 AD3d 1304, 1305 [citation omitted]). Here, although the City defendants showed that Adams was solely at fault for the first impact through their submissions that demonstrated that he entered the bus's lane of travel when it was unsafe to do so and struck the bus, they failed to establish, prima facie, that, with respect to the second impact, Paul reacted reasonably in response to the emergency presented (see e.g. Flores v Metropolitan Transp. Auth., Long Is. Bus, 122 AD3d 672, 672-673; Mohr v Carlson, 120 AD3d 1206, 1207-1208). Since the City defendants failed to establish that they were not negligent as a matter of law with respect to the happening of the accident, the burden never shifted to the plaintiff or Adams to raise a triable issue of fact and the court therefore properly denied this branch of the City defendants' cross-motion.
The City defendants' remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court