| |
|---|
| **Taliferrow v Lixi Zhu** |
| 2024 NY Slip Op 32870(U) |
| August 12, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 535053/2022 |
| Judge: Wavny Toussaint |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 13th day of August 2024.

PRESENT:

HON. WAVNY TOUSSAINT,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TARENCE TALIFERROW,

Plaintiff,

- against -

LIXI ZHU, and AMAZON LOGISTICS INC,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 535053/2022

**DECISION AND ORDER**

Motion Seq. #01 and 02

NYSCEF Doc Nos.

The following e-filed papers read herein:

| | NYSCEF Doc Nos. |
|---|---|
| Notice of Motion/Order to Shower Cause/ Petition/Cross Motion and Affidavits (Affirmations) | 38-52, 60-68 |
| Opposing Affidavits (Affirmations) | 53-59 |
| Reply Affidavits (Affirmations) | 70-71 |

Upon the foregoing papers, defendants Lixi Zhu ("Zhu") and Amazon Logistics, Inc. ("Amazon" and collectively as "defendants") move for an order granting summary judgment pursuant to CPLR 3212 dismissing the complaint on the basis the plaintiff cannot make out a prima facie case of liability against the defendants (Motion Seq. 1). Plaintiff cross moves for an order, pursuant to CPLR 3212, granting summary judgment on the grounds that the defendants were negligent per se, as a matter of law; defendants were negligent in failing to yield the right of way; and defendants failed to keep their vehicle under proper control (Motion Seq. 2).

1

[* 1]

## BACKGROUND

This is an action for personal injuries allegedly sustained by the plaintiff as a result of a motor vehicle and bicycle accident that occurred on October 22, 2022 at the intersection of Atlantic Avenue and Fort Greene Place ("subject intersection"), Brooklyn, New York. At the time of the accident, the plaintiff was riding a bicycle and defendant Zhu was operating a truck owned by Amazon.

## PROCEDURAL HISTORY

On or about December 1, 2022, plaintiff commenced the action by filing a summons and complaint against defendants Zhu and Amazon, asserting a common law negligence claim. On January 1, 2023, defendant Amazon joined issue by filing its answer to the complaint with crossclaims against co-defendant Zhu. On April 25, 2023, defendant Zhu joined issue by filing his answer. On October 25, 2023, plaintiff filed a note of issue. Defendants Zhu and Amazon now move for summary judgment. The plaintiff opposes and cross moves for summary judgment.

### *The Parties' Positions*

#### *Defendants' Summary Judgment Motion*

Defendants argue that they were not negligent, as defendant Zhu had the right of way at the time of the accident, had less than a second to react, and therefore was unable to avoid the collision as plaintiff crossed against the light. Defendants assert the plaintiff violated McKinney's Vehicle and Traffic Law §§ 1231 (traffic laws apply to persons riding bicycles), 1110 (a) (obedience to and required traffic-control devices), 1234 (a) (riding on roadways, shoulders, bicycle), 1234 (c), and 1236 (b) (lamps and other equipment on

2

bicycles), as well as New York City Traffic Rules, Title 34 §§ 4-02 (a) (compliance with and effect of traffic rules), 4-07 (c)(3)(i) (restrictions on crossing sidewalks), 4-12 (o)(1) (use of roadways), 19-176 (b) (bicycle operation on sidewalks prohibited), 19-176 (c), 19-176 (d) and 19-195.1 (b) (bicyclist rights and duties at an intersection).

In support, defendants submit, *inter alia*, a police report, still photographs and dash camera video footage ("video footage") leading up to the accident, the deposition testimony of plaintiff and defendant Zhu. The police report states that defendant Zhu was "travelling straight east bound on Atlantic Avenue with a green light and passing the intersection of Fort Greene Place when [plaintiff] attempted to cross the . . . street on a bike from the southeast corner of Atlantic Avenue to the southwest corner of Atlantic Avenue against the light." This caused defendant Zhu to collide with plaintiff, which resulted in plaintiff being ejected from the bicycle and sustaining injuries to his legs, back and a temporary loss of consciousness amongst other injuries. After regaining consciousness, plaintiff does not and could not remember the incident.

Defendants assert the still photographs and the video footage show the traffic light was in defendant Zhu's favor as he was entering the subject intersection and when he collided with the plaintiff. The video also shows after the traffic light turned green at the intersection of Flatbush and Atlantic Avenue, defendant Zhu accelerated, passing two vehicles that were directly ahead of him. He continued to accelerate, entering the subject intersection, until the point of impact.

At defendant Zhu's deposition, a copy of which defendants provided to the court, he testified that he was the first vehicle at the red light, and there were other cars behind

3

[* 3]

him.[1] He was able to see the traffic light on Fort Greene Avenue turn green when the traffic light on Flatbush Avenue turned green.[2] He travelled down from Flatbush Avenue and Atlantic Avenue and entered the subject intersection.[3] He asserts he was travelling less than 29 miles per hour and around 25 miles per hour.[4] Defendant Zhu noticed the plaintiff in the crosswalk, and plaintiff was in his field of vision all the way up to the point of the accident.[5] Defendant Zhu stepped on the brake immediately when he saw the plaintiff.[6] He also testified that the plaintiff was crossing the road very fast so there wasn't enough time for him to brake as the plaintiff was already in the middle of the road,[7] and that he only saw the plaintiff when he was lying on the ground.[8]

Defendant asserts that at plaintiff's deposition, he testified that the accident occurred on Atlantic Avenue and Fort Greene.[9] Plaintiff testified that he was looking straight ahead, had the right of way,[10] and he did not see a car prior to the accident.[11] Plaintiff also testified that he does not have any memory of the accident happening.[12]

*Plaintiff's Opposition*

In opposition, plaintiff contends the following: (1) the speed limit in the City of New York is 25 miles per hour unless otherwise posted; (2) plaintiff entered the subject

---

[1] Defendant Zhu's EBT tr page 23, lines 25 to page 24, lines 2-6.
[2] Defendant Zhu's EBT tr page 31, lines 17-21.
[3] Defendant Zhu's EBT tr page 32, lines 3-11.
[4] Defendant Zhu's EBT tr page 43, lines 5-10; page 17, lines 18-21.
[5] Defendant Zhu's EBT tr page 53, lines 2-6.
[6] Defendant Zhu's EBT tr page 18, lines 2-5.
[7] Defendant Zhu's EBT tr page 18, lines 10-14; page 19, lines 8-11.
[8] Defendant Zhu's EBT tr page 40, lines 16-22.
[9] Plaintiff's EBT Tr page 20, lines 3-8.
[10] Plaintiff's EBT Tr page 22, lines 13-25 to page 23, lines 1-3.
[11] Plaintiff's EBT Tr page 23, lines 4-12.
[12] Plaintiff's EBT Tr page 23, line 21-24; page 24 lines 23-25 to page 25, line 1; page 30, lines 11-15 .

intersection with the traffic light in plaintiff's favor before defendant Zhu entered it; (3) defendants saw the plaintiff on the crosswalk in the intersection before he had entered the intersection, and yet (defendant Zhu) continued to accelerate through the subject intersection; (4) defendant Zhu, from a stopped position, over a block before the intersection of where the accident occurred, continued to accelerate to exceed the legal speed limit, passing two moving cars in a heavily trafficked area, as he entered the intersection where the accident occurred; and (5) defendant Zhu skidded at the time of the accident, failed to apply his brakes, and was illegally speeding at the time he hit the plaintiff.[13] Plaintiff submits, *inter alia*, his affidavit, which states that he entered the intersection with a green traffic light in his favor, and at the time he entered the intersection, there were no cars. Additionally, he stated he did not regain any memory until days after the accident.

Plaintiff rebuts defendant Zhu's contentions and deposition testimony that he was not speeding. Plaintiff notes that the still photographs and video footage showed defendant Zhu was driving at 31 miles per hour. Plaintiff contends that both his and defendant Zhu's deposition testimony coupled with the video footage show that the plaintiff had entered the subject intersection with a green traffic light and the light subsequently changed before the defendant entered the subject intersection. Plaintiff further contends that defendant Zhu saw the plaintiff on the crosswalk in the intersection before he had entered the intersection.

---

[13] NYSCEF Doc. No. 53.

[* 5]

Further, plaintiff requests that the Court take judicial notice that the speed limit in the City of New York is 25 miles per hour unless otherwise posted.

### *Defendants' Reply*

Defendants reiterate that the evidence shows plaintiff disobeyed a red light, and that plaintiff is merely concluding and/or speculating as to whether he had the right of way, as plaintiff testified, he did not have an independent recollection of the accident and did not state what he did but rather what he would do.

### *Plaintiff's Cross Motion for Summary Judgment*

Plaintiff argues defendant driver Zhu was negligent per se, as he was speeding at the time of the accident, that the speeding was a substantial factor in bringing about the accident and plaintiff's injuries, and he failed to give right of way to plaintiff in the crosswalk before entering the intersection. Plaintiff notes that defendant Zhu testified at his deposition that he applied his brakes with force when he saw the plaintiff.[14] However, plaintiff argues that the video evidence demonstrated the vehicle continued to accelerate, resulting in a collision with the plaintiff.

Plaintiff reiterates his contentions from his opposition to defendants' motion for summary judgment that he had the right of way; that the traffic light was green in his favor and that he had entered the intersection before the light turned green in favor for defendants. Additionally, plaintiff requests that the Court take judicial notice that the speed limit in the City of New York is 25 miles per hour unless otherwise posted. In support of his cross

---

[14] Defendant Zhu's EBT tr page 18, lines 2-5; page 36, lines 11-15.

[* 6]

motion for summary judgment plaintiff submitted the same evidence as in his opposition to defendants' motion for summary judgment.

***Defendants' Opposition***

Defendants argue that the plaintiff is entirely responsible for the accident, as he went through a red light, and the dash cam video and still photographs demonstrated that defendant had the green light and thereby allowed through the intersection. Defendants refutes plaintiff's contention that he had the green light and entered the intersection prior to defendants, as plaintiff's affidavit contradicts plaintiff's own deposition testimony, and the police report indicated that plaintiff does not and could not remember the accident. Defendant reiterates that plaintiff violated Vehicle and Traffic Law §§ 1110 (a), 1234 (a) and 1234 (c).

On March 27, 2024, the Court heard oral argument wherein defendants relied in part on *Batista v Metro. Transportation Auth.*, 210 AD3d 487 [1st Dep't 2022] and *Uribe v Pronto Gas Heating Supplies, Inc.*, 129 AD3d 509 [1st Dep't 2015], reiterating that they had entered the intersection with a green traffic light in their favor, that defendant driver was not comparatively negligent, and that the plaintiff was the sole proximate cause of the accident. The Court reserved decision.

## DISCUSSION

Summary judgment is a drastic remedy that deprives a litigant of his or her day in court and should only be granted if there are no triable issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The moving party bears the burden of making a prima facie showing of entitlement of judgment as a matter of law, tendering sufficient evidence

7

in admissible form, demonstrating there is an absence of material issues of fact (*Manicone v City of New York*, 75 AD3d 535, 537 [2d Dep't 2010]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). Once the moving party has met the initial burden, the opposing party must demonstrate evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324). "If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied" (*Morejon v New York City Transit Auth.*, 216 AD3d 134, 136 [2d Dep't 2023]).

> "As there can be more than one proximate cause of an accident, a defendant driver moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject. [A] person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle. In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road (*Bliwas v Paul*, 227 AD3d 852, 853 [2d Dep't 2024][internal citations omitted]).

Here, defendants failed to establish a prima facie showing of entitlement to summary judgment on the issue of liability. The submitted evidence in support of defendants' motion failed to eliminate triable issues of fact as to whether the defendant driver was free from fault in the happening of the accident (*Galloway v Lux Credit Consultants, LLC*, 224 AD3d 891, 891 [2d Dep't 2024]; *Ballentine v Perrone*, 179 AD3d 993, 994–995 [2d Dep't 2020]).

8

Although defendant Zhu testified that he noticed plaintiff in the crosswalk and that he braked upon seeing the plaintiff, the still photographs and video footage shows defendant Zhu continued to drive and accelerate until the collision with the plaintiff. Moreover, the alleged speed in which defendant Zhu claims he was driving at the time of the accident contradicts the speed shown in still photographs and video footage, and it exceeds the alleged 25 miles per hour speed limit, which may establish liability on defendants' part (*Matias v Bello*, 165 AD3d 642, 643 [2d Dep't 2018]). Therefore, defendants' own submissions raise triable issues of fact as to whether the defendant driver failed to see what was there to be seen through the proper use of his senses and failed to exercise due care to avoid the collision (*Khalil v Garcia-Olea*, 222 AD3d 853, 854-855 [2d Dep't 2023]). Since the defendants did not sustain their prima facie burden of establishing their entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the opposition papers (*Winegrad*, 64 NY2d at 853).

Turning to plaintiff's cross motion,

> "[a] plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case . . . . A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself into a dangerous position" (*Amancio-Gonzalez v Medina,* 223 AD3d 861, 861-862 [2d Dep't 2024][internal quotations and citations omitted]).

9

[* 9]

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. The deposition testimony of plaintiff and defendant Zhu raises triable issues of fact as to whether defendants were negligent and, if so, whether such negligence caused or contributed to the accident (*Singh v Hana Express Cab Corp.*, 216 AD3d 1026, 1027–1028 [2d Dep't 2023]), and whether plaintiff was negligent, as the evidence proffered in support of plaintiff's motion presented varying accounts of how the accident occurred (*Garutti v Kim Co. Refrigeration Corp.*, 222 AD3d 728 [2d Dep't 2023]). "Since the plaintiff failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the defendant's opposition papers" (*Ramirez v Wangdu*, 195 AD3d 646, 647 [2d Dep't 2021], citing *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]).

The Court finds defendants' reliance on *Batista v Metro. Transportation Auth.*, 210 AD3d 487 [1st Dep't 2022] and *Uribe v Pronto Gas Heating Supplies, Inc.*, 129 AD3d 509 [1st Dep't 2015] is misplaced, as the Court in each case did not find credibility issues. In *Batista*, the Court ruled in favor of the defendant by reasoning that the surveillance footage of the accident demonstrated that the plaintiff's testimony was incorrect, and thus did not raise a credibility issue. Moreover, the plaintiff in that case failed to offer any evidence as to what the bus driver could have done to avoid the accident or that he was negligently operating the bus.

The Court also finds *Uribe* inapplicable. In that case, there was no dispute that the plaintiff in *Uribe* had the right of way, and the defendant driver was unable to stop in time to avoid the collision with the plaintiff, because a bottle had become stuck under the brake

10

pedal, so he had to use the emergency brake, resulting in his failure to yield to the right of way to plaintiff. However, in this case, there are conflicting accident descriptions based on the deposition testimony of Defendant Zhu and plaintiff along with plaintiff's affidavit as to the facts surrounding the accident (*Saviano v TT of Massapequa, Inc.*, 223 AD3d 851, 853 [2d Dep't 2024]).

The parties' remaining contentions, to the extent not expressly set forth herein, have been considered and are denied.

Accordingly, it is hereby

**ORDERED** that defendants' motion for summary judgment (Motion Seq. 01) is denied; and it is further

**ORDERED** that plaintiff's cross motion for summary judgment (Motion Seq. 02) is denied.

This constitutes the Decision and Order of the Court.

ENTER

J. S. C.
Hon. Wavny Toussaint
J.S.C.

2024 AUG 14 A 10: 38
KINGS COUNTY CLERK
FILED

11