Hiraldo v Sturman (2026 NY Slip Op 01495)

Hiraldo v Sturman

2026 NY Slip Op 01495

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09721
 (Index No. 706206/22)

[*1]Emmanuel Hiraldo, respondent, 
vIra M. Sturman, defendant, Baligh H. Moustafa, appellant.

Baker, McEvoy & Moskovits (Marjorie E. Bornes, Freeport, NY, of counsel), for appellant.
Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert Cohen and Charles Haviv of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Baligh H. Moustafa appeals from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated June 26, 2024. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against that defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant Baligh H. Moustafa is denied.
The plaintiff was a passenger in a vehicle operated by the defendant Baligh H. Moustafa when it collided with a vehicle operated by the defendant Ira M. Sturman at the intersection of 57th Road and 138th Street in Queens. Moustafa's vehicle was traveling on 138th Street, which was not governed by a traffic control device, and Sturman's vehicle was traveling on 57th Road, which was controlled by a stop sign. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained as a result of the accident, and thereafter moved, inter alia, for summary judgment on the issue of liability against Moustafa. In an order dated June 26, 2024, the Supreme Court, among other things, granted that branch of the plaintiff's motion. Moustafa appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Husbands v City of New York, 230 AD3d 475, 475, quoting Quintero v Boyle, 221 AD3d 925, 926). "'[I]f the plaintiff fails to demonstrate, prima facie, that the operator of the [allegedly] offending vehicle was at fault, or if triable issues of fact are raised by the defendant[ ] in opposition, . . . summary judgment on the issue of liability must be denied, even if the moving plaintiff was an innocent passenger'" (id., quoting Phillip v D & D Carting Co., Inc., 136 AD3d 18, 24; see Lewinski v City of New York, 229 AD3d 456, 457).
"'Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection [*2]controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard'" (Walker v Joseph, 238 AD3d 805, 806, quoting Yongyong Zhu v Shrestha, 229 AD3d 844, 845). "While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles" (Harrington v Tucker, 238 AD3d 724, 725 [internal quotation marks omitted]; see Walker v Joseph, 238 AD3d at 806). "However, 'a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield the right of way is not comparatively negligent for failing to avoid the collision'" (Woods v Burgos, 220 AD3d 688, 689, quoting Yelder v Walters, 64 AD3d 762, 764).
Here, viewing the evidence in the light most favorable to Moustafa (see Vega v Restani Constr. Corp., 18 NY3d 499, 503), the plaintiff failed to establish, prima facie, that Moustafa was negligent in the happening of the accident (see Lewinski v City of New York, 229 AD3d at 457; Quintero v Boyle, 221 AD3d 925, 926, Singh v Hana Express Cab Corp., 216 AD3d 1026, 1027-1028). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Moustafa, without regard to the sufficiency of Moustafa's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline Moustafa's request to search the record and award summary judgment in his favor.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court